UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JONATHAN E. MANWELL,

    Petitioner,

v.

ROBERT VASHAW,

    Respondent.
_____/

Case No. 1:19-cv-12517

Hon. Thomas L. Ludington
Mag. J. David R. Grand

**OPINION AND ORDER DISMISSING CASE
AND DENYING MOTIONS AS MOOT**

Petitioner Jonathan E. Manwell, a state prisoner incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed pleadings on August 27, 2019. It appears that the pleadings were intended to be an application for a writ of habeas corpus.[1] Specifically, Petitioner filed motions to appoint counsel, to compel discovery, and to hold an evidentiary hearing. (ECF Nos. 3, 4, 5) The pleadings will be construed as an application for habeas relief. Because Petitioner has not exhausted his claims in the state appellate courts, his case will be dismissed without prejudice and the motions denied as moot.

**I.**

Petitioner challenges his jury trial convictions in the Macomb County Circuit Court on three counts of first-degree criminal sexual conduct, MCL § 750.520b(1)(b)(i) and (ii), and two counts of second-degree criminal sexual conduct, MCL § 750.520c(1)(b)(i) and (ii). *See People v.*

---

[1] This case was docketed in error by the Clerk of Court as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Petitioner's filings indicate his intent to seek habeas relief by making numerous references to 28 U.S.C. § 2254 and the Rules following that statute. (*See* Memo. of Law at ix, ECF No. 1, PageID.10 (Table of Authorities, Federal); *see also* Mot. Appt. Counsel at 1, ECF No. 3, PageID.237; Mot. Compel Disc. at 1, ECF No. 4, PageID.242.)

*Manwell*, No. 333916, 2018 WL 1020182, at *1 (Mich. Ct. App. Feb. 22, 2018). Petitioner acknowledges that the Michigan State Supreme Court has not yet ruled on his direct appeal. (Mot. Compel Disc. at 5, ECF No. 4, PageID.246). A review of the Michigan Supreme Court docket in Case No. 157563 confirms this fact.[2, 3] Petitioner has failed to exhaust his state court remedies with respect to all his claims.

In general, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) & (c); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971); *Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F.Supp.2d 992, 998 (E.D. Mich.1999); *see also Juliano v. Cardwell*, 432 F.2d 1051, 1051 (6th Cir. 1970).

---

[2] The Court is "authorized to 'take judicial notice of proceedings in other courts of record[.]'" *Walburn v. Lockheed Martin Corp*., 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (citations omitted).

[3] Petitioner has filed two other state-court appeals related to the underlying case which are discussed and included in his pleadings. Neither alters the fact that his direct appeal remains open and thus his claims unexhausted. *See*, *e.g.*, Memo. of Law at 48, ECF No. 1, PageID.48 (Petitioner's appeal to Mich. Sup. Ct., Docket No. 157985, sought "Superintending Control"); *id*. at 52, PageID.52 (Petitioner's delayed application for leave to appeal in Mich. Sup. Ct., Docket No. 159146, refers to Petitioner's motions before the trial court pertaining to transcripts, forensic evidence, and a request for an evidentiary hearing).

The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *See Benoit v. Bock*, 237 F.Supp.2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner's direct appeal remains pending in the Michigan Supreme Court. Accordingly, he has failed to exhaust his state court remedies. Under these circumstances, a stay of Petitioner's case is not appropriate. A district court has the discretion to stay a habeas petition containing unexhausted claims to allow the petitioner to present those claims to the state court in the first instance. *Rhines v. Weber*, 544 U.S. 269 (2005). However, such a stay applies only to a petitioner who shows "good cause for his failure to exhaust…" *Id*. at 278. Here, because the Michigan Supreme Court has not ruled in Petitioner's case, lack of exhaustion precludes relief under *Rhines*. Furthermore, because AEDPA's one-year limitations period has not yet been triggered, Petitioner would not be prejudiced if his habeas petition were dismissed without prejudice pending the state court's ruling. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for Petitioner's claims. *See Schroeder v. Renico*, 156 F.Supp.2d 838, 845–46 (E.D. Mich. 2001).

**II.**

In addition to Petitioner's failure to exhaust, his lengthy filings do not comply with the rules governing a habeas corpus petition. If after exhaustion of his claims Petitioner seeks to return to this Court for habeas relief, his petition must comply with all pertinent federal statutes and procedural rules and should be submitted using the Court's habeas form.

The United States Supreme Court has held that a petition for writ of habeas corpus begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case. *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Habeas petitioners must meet the heightened pleading standards set forth in the Rules Governing Section 2254 Cases.

*McFarland v. Scott*, 512 U.S. 849, 855 (1994). The rules provide, in relevant part, that a habeas petition must:

> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign for the petitioner under 28 U.S.C. § 2242.

Rule 2(c), Rules Governing Section 2254 Cases.

Additionally, the petition must "substantially follow either the form appended to [the habeas] rules or a form prescribed by a local district court rule." Rule 2(d), Rules Governing Section 2254 Cases. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (citation omitted).

Petitioner has not met the requirement that he "plead with particularity." In lieu of a succinct, clear statement of grounds for relief and the relief requested, Petitioner requests various forms of discovery, an evidentiary hearing, and appointment of counsel. (ECF No. 1 at PageID.45). The Court has authority to dismiss before service any petition in which it plainly appears that the petitioner is not entitled to relief. Rule 4, Rules Governing Section 2254 Cases. If Petitioner seeks to apply again for habeas relief, he is directed to follow the rules above.

### III.

Accordingly, it is **ORDERED** that Petitioner's case is **DISMISSED** without prejudice. Petitioner may bring a new civil action by following the rules and filing a proper habeas petition under 28 U.S.C. § 2254. The Court makes no determination as to the merits of any such petition.

It is further **ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether Petitioner had failed to exhaust available state court remedies with respect to his claims.

It is further **ORDERED** that permission to appeal *in forma pauperis* is **DENIED** as such appeal would not be in good faith. See 28 U.S.C. § 1915(a)(3).

It is further **ORDERED** that Petitioner's motions for the appointment of counsel, to compel discovery, and for an evidentiary hearing (ECF Nos. 3, 4, 5) are **DENIED AS MOOT**.


Dated: February 14, 2020                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Jonathan E. Manwell** #964587, EARNEST C. BROOKS CORRECTIONAL FACILITY, 2500 S. SHERIDAN DRIVE, MUSKEGON HEIGHTS, MI 49444 by first class U.S. mail on February 14, 2020.

                                            s/Kelly Winslow
                                            KELLY WINSLOW

---